

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-10-2002

# Lamb Road Assoc v. Liberty Mutl Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1082

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Lamb Road Assoc v. Liberty Mutl Ins Co" (2002). *2002 Decisions.* Paper 645.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/645

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 02-1082
_____

LAMB ROAD ASSOCIATES,

Appellant

v.

LIBERTY MUTUAL INSURANCE COMPANY;
MAGNECRAFT-STRUTHERS-DUNN;
STRUTHERS-DUNN, INC.; MSD, INC.;
JOHN DOE, 1-100; ABC CORPORATION,
2-100

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 99-cv-02866)
District Judge: Honorable Stephen M. Orlofsky

_____

Argued August 1, 2002

Before:  ROTH, RENDELL and AMBRO, Circuit Judges

(Opinion filed October 9, 2002)

Louis Giansante [ARGUED]
23 East Main Street
Moorestown, NJ 08057
*Counsel for Appellant*
*Lambs Road Associates*


John C. Sullivan [ARGUED]
Post & Schell
1800 JFK Boulevbard, 19th Floor
Philadelphia, PA 19103
*Counsel for Appellee*
*Liberty Mutual Insurance Company*


Paul R. Levenson [ARGUED]
Kaplan, Gottbetter & Levenson
630 third Avenue
New York, NY 10017
*Counsel for Appellee*
*MSD Inc.*

————

## OPINION OF THE COURT

————


RENDELL, <u>Circuit Judge</u>.

Lambs Road Associates[1] appeals the District Court's grant of summary judgment in

favor of Liberty Mutual. Because we find no error in the District Court's determinations,

———————

[1] Hereafter, "Lambs Road." We note that the official caption lists the entity's name inaccurately as "Lamb Road Associates."

we will affirm the District Court's Order in all respects.

Lambs Road is a New Jersey partnership that invests in and develops real estate. The claims before the District Court arose out of the contamination of one of the parcels of land it owns, which is adjacent to land that was owned by Struthers Dunn, Inc. ("SDI"). SDI used the parcel for manufacturing electronic relays for use in military and aerospace products from approximately 1954 until 1994, when it moved its operations to Connecticut. It is not contested that hazardous materials from the manufacturing leached onto the land owned by Lambs Road.

In 1985, the New Jersey Department of Environmental Protection's ("DEP") Division of Water Resources asked SDI to remove contaminated soil and cap a lagoon that it had used to store sludge from its wastewater treatment system. In 1986, SDI entered into an administrative consent order with DEP allowing SDI to sell the property while posting assurance funds and remediating the site.

In 1995, pursuant to complaints, the DEP's Bureau of Emergency Response found several uncovered fiberglass vats in the production building, as well as other storage containers. When the EPA responded to a request for assistance, it found hydrogen peroxide, sulfuric acid, chromic acid, copper cyanide, potassium hydroxide, methyl ethyl ketone and methanol in the building. In the flammables storage building there were solvents, oils, and gasoline. There was also an outside storage vat containing cylinders of compressed gases. In July 1995, SDI agreed to remove the hazardous wastes, and a "substantial portion" of the removal was completed before the Order became effective.

SDI notified Lambs Road in 1988 that its property might be contaminated. Lambs Road filed suit against SDI and its parent, Nytronics Components Inc. in 1990 in New Jersey state court for damages and clean-up costs. The suit was settled prior to trial. One of the provisions of the settlement was that SDI would purchase Lambs Road's land, and make payments secured by a mortgage on the land. Lambs Road then sued several of SDI's insurers for the remainder of its damages from the contamination.

In April 1999, during trial, the parties reached a settlement. Liberty Mutual was not initially named a defendant by Lambs Road. When Lambs Road sought to add Liberty Mutual, shortly before trial, the court severed the claims against Liberty Mutual, because trial was imminent.

When SDI failed to meet its mortgage obligations under the terms of the original settlement agreement, Lambs Road initiated foreclosure action, which resulted in a default judgment, and the land was returned to the ownership of Lambs Road.

In June 1999, Lambs Road filed suit in the United States District Court for the District of New Jersey, asserting claims for damages based on the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972, and state law, against Liberty Mutual, SDI, and against SDI's putative successor corporation, MSD. The District Court dismissed its complaint in November 2000 for lack of subject matter jurisdiction because the citizen suit provisions of RCRA provide for injunctive relief but not for damages.

Thereafter, Lambs Road filed an amended complaint, and the District Court granted summary judgment to the defendants in December 2001. The District Court reasoned that

the citizen suit provision of the RCRA – 42 U.S.C. § 6972 – provided for actions only to enforce the terms of clean-up requirements, and could not be the basis of a direct action for collection of money damages against violators. It further held that Lambs Road did not provide adequate evidence that it gave statutorily-required notice to SDI or MSD. The District Court also noted that Liberty Mutual could invoke the same defenses as the alleged violator, thus relying on res judicata and the entire controversy doctrine available to SDI and MSD. Finally, the court granted summary judgment in favor of defendants on all of the state law claims.[2]

Before us, Lambs Road alleges that the District Court made procedural and substantive errors, raising five specific challenges.

We will deal with appellant's arguments in the order addressed in its brief.

**1.      Procedural Errors.**

**(a)      Summary judgment and discovery.**

Lambs Road complains that it was "prevented" from conducting discovery during the two years the case was pending, and that the motion to dismiss was "improperly converted" into a summary judgment motion without adequate discovery as to factual issues.

We note that, from the outset, the motion to dismiss was captioned in the alternative as  a motion to dismiss or for summary judgment; thus, Lambs Road was put

---

[2] We have jurisdiction over this appeal from a final order based on 28 U.S.C. § 1291.

on notice as to the prospect of summary judgment and the need for discovery. Lambs Road has not pointed to any request or motion for discovery, and the record reflects that its assertion of the need for discovery was less than aggressive. In the District Court's initial order staying discovery, the Court indicated that counsel had indicated the need for little if any discovery. Accordingly, we do not find any abuse of discretion on the part of the District Court.

**(b) Dismissal as against Liberty Mutual.**

Lambs Road cites as its second procedural error the District Court's dismissal of its complaint for lack of subject matter jurisdiction as against Liberty Mutual based upon 42 U.S.C. § 6924(t)(2). The District Court's initial order dismissed the cause of action against Liberty Mutual based upon the Court's view that the "citizen's suit" provisions of RCRA provided injunctive relief, and the "guarantor" provision relied upon, namely § 6924(t)(2), could not be used as a vehicle to collect damages for cleanup. We conclude that we need not rule on the applicability of this section to the collection of monies in this factual setting, because the District Court also held – and, we think, properly – that Liberty Mutual was entitled to judgment in its favor because it could avail itself of the same defenses as the alleged violator, thus relying on *res judicata* and the entire controversy doctrine available to SDI/MSD. Therefore, dismissal was appropriate.

**(c) Notice of suit as to Struthers-Dunn.**

Lambs Road also complains that the District Court incorrectly concluded that there had been inadequate notice of suit provided to Struthers-Dunn ("SDI").

- 6 -

Here, Lambs Road's evidentiary offering was more argument than proof. The District Court found the hearsay nature of the proof of notice objectionable, and Lambs Road has not convinced us that this was error on the part of the District Court. Accordingly, we find little merit to this argument.

### (d) Confusion created by docket.

Lambs Road also raises as an issue the "apparent confusion" created by the docket regarding the relationship between SDI and MSD. We do not find the confusion Lamb Road asserts and see no merit to this argument.

### 2. Substantive Errors

### (a) Preemption/bar of environmental claims.

Lambs Road contends that its claims could not have been asserted until 1998, when SDI abandoned its cleanup of the plaintiff's property. We find this argument to be misplaced, since Lambs Road had sued SDI numerous times, and it clearly was aware of all the environmental problems with the property. Lambs Road argues that its environmental claims "were preempted" as long as SDI was subject to a consent order. However, we find no preemption or "bar" as asserted by Lambs Road, either based on fact or law. Further, Lambs Road's claim that it could not proceed while an order was in effect seems to run counter to the entire thrust of RCRA and to demonstrate that Lambs Road's claims were in fact essentially damage claims brought after the fact, which are barred by *res judicata* and the entire controversy doctrine.

### (b) Money damages.

Lambs Road contends that it is entitled to damages based upon our opinion in United States v. Price, 688 F.2d 204 (3d Cir. 1982). There, we noted that "the fact that an injunction may require the payment or expenditure of money does not necessarily foreclose the possibility of equitable relief." Id. at 214. Here, Lambs Road is not seeking payment of money incidental to an injunction; rather, its claim for injunctive relief is in essence a suit for damages.

Accordingly, we conclude that the District Court did not err in either its procedural or substantive rulings. We will AFFIRM.

_____                                        By the Court,


                                                         /s/ Marjorie O. Rendell
                                                        Circuit Judge

Dated:     October 9, 2002